Alison M. Crane, No. 197359
Errol C. Dauis, No. 279313
**BLEDSOE, CATHCART, DIESTEL,**
**PEDERSEN & TREPPA, LLP**
601 California Street, 16th Floor
San Francisco, California 94108-2805
Telephone:     (415) 981-5411
Facsimile:      (415) 981-0352

Attorneys for Defendant
REDWOOD ENTERPRISES, INC.

## THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ and DAREN HEATHERLY, | Case No. 13-CV-05903-DMR |
| | **CONSENT DECREE** |
| Plaintiffs, | |
| v. | |
| TAQUERIA SANTA ROSA #5; REDWOOD ENTERPRISES, INC.; and ANAYASAHAGUN CORP., a California corporation, dba TAQUERIA SANTA ROSA #5, | |
| Defendants. | |

**WHEREAS**, Plaintiffs IRMA RAMIREZ and DAREN HEATHERLY ("Plaintiffs") have filed an action in the United States District Court, Northern District of California, alleging claims for damages and injunctive relief under the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101, *et seq.*), California Civil Code §§54, 54.1, and 54.3, California Health and Safety Code §§19955, *et seq.*, and California Civil Code §§51 *et seq.* (the Unruh Civil Rights Act) arising out of Plaintiffs' visit to TAQUERIA SANTA ROSA #5 on November 7, 2013; and

**WHEREAS**, Defendant ANAYASAHAGUN CORP., a California corporation, dba TAQUERIA SANTA ROSA #5 owns and operates Defendant TAQUERIA SANTA ROSA #5

(collectively "Defendant TAQUERIA SANTA ROSA #5") located at 791 Montecito Center, Santa Rosa, California (the "Subject Property"); and

**WHEREAS**, Defendant REDWOOD ENTERPRISES, INC., a California Corporation, is the owner of the Subject Property; and

**WHEREAS**, Plaintiffs, Defendant TAQUERIA SANTA ROSA #5, and Defendant REDWOOD ENTERPRISES, INC. have agreed upon a settlement pursuant to which Defendant TAQUERIA SANTA ROSA #5 will perform certain remedial improvements at the Subject Property as a result of this litigation to provide access to disabled persons as well as make monetary payments to Plaintiffs and Plaintiffs' counsel in full and final settlement of Plaintiffs' claims for damages, attorneys' fees, costs and litigation expenses as outlined in Section VII below; and

**WHEREAS**, Plaintiffs, Defendant TAQUERIA SANTA ROSA #5, and Defendant REDWOOD ENTERPRISES, INC. agree that the settlement of this claim is made in good faith and in an effort to avoid expensive and protracted litigation, but without any admission or finding of liability or fault as to any allegation or matter; and

**WHEREAS**, the present front entrance, dining area, and restroom at the Subject Property may present architectural barriers to a wheelchair user; and

**WHEREAS**, under the "readily achievable" standard of the Code of Federal Regulations it is not readily achievable to increase the size of the restroom given the limited floor space of the Subject Property. Therefore, Defendant TAQUERIA SANTA ROSA #5 will provide a greater amount of access to the extent feasible by using best efforts to provide a handicapped-accessible semi-ambulatory unisex public restroom.

**NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED as follows:**

**I. JURISDICTION**

A.   The Court has jurisdiction over the subject matter of and the parties to this Consent Decree pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101, *et seq.*

/ / /

B.   Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. do not contest and agree not to contest the Court's jurisdiction to enter into and enforce this Consent Decree.

## II.   DENIAL OF LIABILITY

Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. deny any and all legal or equitable liability under any federal, state, or local statute, regulation or ordinance, or the common law, for any damages or claims caused by or arising out of Defendant TAQUERIA SANTA ROSA #5's and Defendant REDWOOD ENTERPRISES, INC.'s acts or inaction. By entering into this Consent Decree, or by taking any action in accordance with it, Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. do not admit any allegations contained herein or in the complaint, nor do Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. admit any liability for any purpose or admit any issue of law or fact or any responsibility for the alleged noncompliance of the Subject Property with the ADA, Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), California Building Standards Code, or any other state or federal building code or statute.

## III.   PURPOSE

The purpose of this Consent Decree is to

A.   Resolve amicably the existing dispute between the parties hereto;

B.   Settle the claims asserted against Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. in the complaint filed in this matter;

C.   Provide for the REMEDIAL WORK, as defined in Section VI.B. below, as necessary to provide access to persons with disabilities; and

D.   Confirm that the REMEDIAL WORK meets the "readily achievable" standard of the ADA as well as the standards set forth in the ADAAG, California Building Standards Code, and other applicable state or federal building code or statute.

/ / /

/ / /

# IV. BINDING EFFECT

A.   The undersigned representative certifies that he or she is an officer or agent of Defendant TAQUERIA SANTA ROSA #5 and is fully authorized to enter into the terms and conditions of this Consent Decree and that he or she is fully authorized to execute this document and legally bind Defendant TAQUERIA SANTA ROSA #5 to the provisions of this Consent Decree.

B.   The undersigned representative certifies that he is an officer or agent of Defendant REDWOOD ENTERPRISES, INC. and is fully authorized to enter into the terms and conditions of this Consent Decree and that he is fully authorized to execute this document and legally bind Defendant REDWOOD ENTERPRISES, INC. to the provisions of this Consent Decree.

D.   The undersigned representative certifies that he or she is an officer or agent of Plaintiffs and is fully authorized to enter into the terms and conditions of this Consent Decree; that he or she is fully authorized to execute this document and legally bind Plaintiffs to the provisions of this Consent Decree; and that he or she has not assigned, transferred, or purported to assign or transfer to any person or entity any claim or other matter which is the subject of this Consent Decree.

# VI. WORK TO BE PERFORMED

A.   In general, Defendant TAQUERIA SANTA ROSA #5 shall make the Subject Property accessible to persons with disabilities in accordance with the "Readily Achievable" standard under 28 C.F.R. part 36 in conjunction with the ADAAG.

B.   Specifically, as settlement of the equitable claim brought by Plaintiffs, Defendant TAQUERIA SANTA ROSA #5 shall undertake remedial measures to make the following elements of the Subject Property accessible to persons with disabilities, which constitutes the removal of architectural barriers pursuant to the readily achievable standard as set forth in the Code of Federal Regulation (28 C.F.R. 36.304), the ADA, and the ADAAG, as referred to in the ADA and ADAAG, California Building Standards Code, and other applicable state or federal building code or statute, and which remedial measures are referred to herein as the "REMEDIAL WORK":

1.    Defendant TAQUERIA SANTA ROSA #5 will provide an accessible front entrance by installing 10" kick plates on both sides of the entrance door;

2.    Defendant TAQUERIA SANTA ROSA #5 will relocate the table for two that is located adjacent to the entrance door to provide a minimum of 18" strike side clearance;

3.    Defendant TAQUERIA SANTA ROSA #5 will provide a table for two that will allow for placement of wheel chairs which shall be a maximum of 34" high, provide a minimum of 30" wide knee clearance, provide 27" of knee clearance from the floor to the bottom of the table, and provide 19" of unencumbered depth; and

4.    Defendant TAQUERIA SANTA ROSA #5 will provide a handicapped-accessible semi-ambulatory unisex public restroom by:

    a.    installing a door with levered hardware and a locking mechanism that does not require pinching, grasping, or twisting of the wrist to operate;

    b.    installing a raised toilet seat so the water closet will be between 17"-19" high;

    c.    installing a 24" rear grab bar at a height of 33"-36" above the floor;

    d.    installing levered hardware on the lavatory;

    e.    insulating the lavatory pipes;

    f.    raising the lavatory so the top is 34" from the floor and provides 29" of clearance underneath;

    g.    lowering the paper towel dispenser so it is a maximum of 40" from the floor to the point of operation; and

    h.    lowering the mirror so it is a maximum of 40" from the floor to the bottom of the reflecting surface; and

    i.    installing ISA signage on the door that identifies the restroom as being a unisex accessible restroom at a height of 60" above the floor/ground to the center line of the sign.

C.   The work to be performed pursuant to this Consent Decree shall be completed within one (1) year of the date the Court enters this Consent Decree.

D.   The parties also agree that the REMEDIAL WORK meets the "readily achievable" standard of the ADA as well as the standards set forth in the ADAAG, California Building Standards Code, and other applicable state or federal building code or statute.

## VII.   MONETARY PAYMENT

A.   In full and complete settlement of Plaintiffs' claims against Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC., it is further agreed that Defendant TAQUERIA SANTA ROSA #5 and Defendant REDWOOD ENTERPRISES, INC. shall pay to Plaintiffs and their counsel, Thomas E. Frankovich, A Professional Law Corporation, the following sums in full and final settlement of all claims for damages, attorneys' fees, costs, and litigation expenses as set forth in a separate Mutual Settlement Agreement and Release:

1.   Defendant TAQUERIA SANTA ROSA #5 shall pay seven thousand five hundred dollars ($7,500) pursuant to the payment schedule set forth the in the parties' Mutual Settlement Agreement and Release; and

2.   Defendant REDWOOD ENTERPRISES, INC. shall pay twenty-one thousand five hundred dollars ($21,500).

The Mutual Settlement Agreement and Release itself is not a part of this Consent Decree.

## VIII.   MODIFICATION

There shall be no modification of this Consent Decree without written approval of all parties hereto.

## IX.   EFFECTIVE DATE

This Consent Decree is effective upon the date of its entry by the Court.

## X.   CONTINUING JURISDICTION

The Court specifically retains jurisdiction over both the subject matter of and the parties to this action for the duration of this Consent Decree for the purpose of issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, enforce, terminate, or reinstate the terms of this Consent Decree, including but not limited to attorneys'

-6-

1  fees, costs, and litigation expenses incurred in enforcing this Consent Decree, or for any further

2  relief as the interest of justice may require.

3  ### XI. TERMINATION AND SATISFACTION

4      Upon Defendant TAQUERIA SANTA ROSA #5's completion of the work to be

5  performed, as specified, pursuant to this Consent Decree, on or before one (1) year of the Court's

6  entry of this Consent Decree, whichever occurs earlier, the Court's jurisdiction of this matter shall

7  terminate unless the parties show good cause for the continuance of this Consent Decree.

8      The undersigned hereby consent to the foregoing Consent Decree.

9

10  Dated:  12-/10-14                    For Defendant TAQUERIA SANTA ROSA #5

11

12                  _Jose A Anaya_

13                  _president_____, officer of

14                  ANAYASAHAGUN CORP., a California
                corporation dba TAQUERIA SANTA ROSA #5

15

16

17  Dated:                               For Defendant REDWOOD ENTERPRISES, INC.

18

19

20                  _President_____, officer of
                REDWOOD ENTERPRISES, INC.

21

22

23  Dated:  12|16|14                     For Plaintiff IRMA RAMIREZ

24

25

26                  IRMA RAMIREZ

27

28

                        7

1   Dated:   12/16/14                For Plaintiff IRMA RAMIREZ

2

3

4                                    IRMA RAMIREZ

5

6                                    **ORDER**

7

8   **IT IS SO ORDERED.**

9

10  Dated: January 22, 2015

11                                   HONORABLE DONNA M. RYU
                                     UNITED STATES DISTRICT COURT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28